ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

June 4, 2014

Mr. Michael Williams
Commissioner of Education
Texas Education Agency
1701 North Congress Avenue
Austin, Texas 78701-1494

Opinion No. GA-1064

Re: Application of the nepotism exception in Education Code subsection 11.1513(g) to a school district when the county's population increases to exceed 35,000 (RQ-1172-GA)

Dear Mr. Williams:

You ask whether employees hired under the nepotism exception found in subsection 11.1513(g) of the Education Code, which applies to independent school districts in counties with a population of less than 35,000, may continue to be employed by the district after the county's population surpasses 35,000.[1] State law generally prohibits nepotism. *See generally* TEX. GOV'T CODE ANN. §§ 573.001–.084 (West 2012). Under section 573.041 of the Government Code (the "nepotism prohibition"), a public official may not appoint an individual to a position that is compensated through public funds if the individual is related to the public official within a prohibited degree. *Id.* § 573.041(1); *see id.* § 573.002 (establishing degrees of relationship to which the nepotism prohibition applies). This prohibition applies to members of a school district board of trustees. *See id.* § 573.001(3)(B) (providing that a school district board member is a "public official" for purposes of chapter 573). In instances when the board of trustees of an independent school district delegates hiring authority to the superintendent, subsection 11.1513(f) of the Education Code provides that "the superintendent is a public official for purposes of Chapter 573, Government Code, only with respect to a decision made under that delegation of authority," and "each member of the board of trustees remains subject to Chapter 573 . . . with respect to all district employees." TEX. EDUC. CODE ANN. § 11.1513(f) (West 2012). Thus, despite the board's delegation, relatives of board members continue to be prohibited from appointment under the nepotism prohibition, implicitly prohibiting the superintendent from appointing them. Tex. Att'y Gen. Op. No. GA-0794 (2010) at 3.

Subsection 11.1513(g), about which you ask, creates an exception to subsection (f) by providing in part that subsection (f) "does not apply to a school district that is located . . . wholly

[1]Letter from Mr. Michael Williams, Comm'r of Educ., Tex. Educ. Agency, to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (Nov. 26, 2013), http://www.texasattorneygeneral.gov/opin ("Request Letter").

in a county with a population of less than 35,000." TEX. EDUC. CODE ANN. § 11.1513(g) (West 2012). Subsection 11.1513(g) thus permits a superintendent with hiring authority to make appointments that would otherwise be prohibited under section 573.041 in counties with a population of less than 35,000. You explain that several at-will employees of a school district, who are related to district board members within a prohibited degree, were hired by the school district superintendent under the exception provided by subsection 11.1513(g) and have been "continuously employed in the same position for which they were legally hired when the county population was less than 35,000." Request Letter at 1–2. You state that the population of the county has since risen above 35,000 and therefore ask whether subsection 11.1513(g) still applies to the continued employment of those employees.[2] *Id.* at 1.

The nepotism prohibition in section 573.041 provides that "[a] public official may not appoint, confirm the appointment, or vote for the appointment or confirmation of the appointment of" an individual related to the public official within a prohibited degree. TEX. GOV'T CODE ANN. § 573.041 (West 2012); TEX. EDUC. CODE ANN. § 11.1513(f) (West 2012); *see* Tex. Att'y Gen. Op. No. GA-0794 (2010) at 3–4 (construing subsection 11.1513(f)). The plain terms of section 573.041 prohibit the "appointment" of certain persons, not the ongoing employment of someone already appointed. Thus, an increase in population beyond 35,000 would not render invalid a previous legal hiring made under subsection 11.1513(g), nor would it affect the ongoing employment of such an individual. *Cf.* TEX. GOV'T CODE ANN. § 311.022 (West 2013) (providing that "[a] statute is presumed to be prospective in its operation unless expressly made retrospective"). An independent school district may therefore continue to employ an individual whose initial hiring was exempt under subsection 11.1513(g) after the population of the county in which the school district is located meets or surpasses 35,000.

---

[2]In subsection 11.1513(g), "population" means "the population shown by the most recent federal decennial census." TEX. GOV'T CODE ANN. § 311.005(3) (West 2013). For purposes of this opinion, we assume that your statement is based on the most recent federal decennial census for the county to which you refer.

## S U M M A R Y

An independent school district may continue to employ an individual legally hired under the nepotism exception found in Education Code subsection 11.1513(g) after the population of the county in which the school district is located meets or surpasses 35,000.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

Stephen L. Tatum, Jr.
Assistant Attorney General, Opinion Committee